**UNITED STATES of America,
Plaintiff,**

v.

**Ronald J. MEACHUM, Defendant.**

**Crim. No. 332–61.**

United States District Court
District of Columbia.

Sept. 26, 1961.

Thomas Flannery, Asst. U. S. Atty., Washington, D. C., for the Government.

Hymie Nussbaum, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

The issue in this pre-trial motion is whether a confession which the Government plans to utilize at defendant's forthcoming trial was illegally obtained and therefore should be suppressed.

Defendant was arrested at 5:30 A.M. on April 3, 1961, charged with having participated with others in robbing one Turner the previous morning. On arrest, defendant was transported to police headquarters where he remained in the cell block until 7:25 A.M. He was then taken to the Robbery Squad office, questioned briefly, and at 7:55 placed in a lineup viewed by complainant Turner. Although others arrested on the same charge were identified by Turner as his assailants, defendant was not identified as having participated in this robbery.

However, defendant was not released. Rather, at 9:00 A.M. he was put in another lineup viewed by a complainant named Mallinoff. The incident which is the basis for the present charge was the complaint leading to this second lineup. During the lineup, Mr. Mallinoff identified the defendant.

Some fifteen or twenty minutes later, defendant confessed to Mr. Mallinoff that

he had been one of those who robbed him. It is this confession which is at issue in the present motion.

Following this confession, defendant was placed in eight other lineups viewed by eight other complainants; was photographed and fingerprinted; and about 1:30 P.M., was taken before a committing magistrate for the proceedings required by Rule 5 of the Federal Criminal Rules, 18 U.S.C.A.

Defendant advances three grounds for his contention that the confession is the product of illegality: (1) his retention in police custody following the failure of complainant Turner to identify him in the first lineup was in violation of his Fourth Amendment right to be free from arrest except where probable cause exists for belief that he has committed an indictable offense; (2) his confession was made at a time when the police were violating the provision of Rule 5(a) which requires them to bring an arrested individual before a committing magistrate "without unnecessary delay"; (3) his confession was procured only after a physical beating administered by the police during the 15–20-minute interval between his identification by and confession to complainant Mallinoff.

■■■ (1) The import of the Fourth Amendment is that an individual may not be arrested and retained in custody without probable cause, Henry v. United States, 1959, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134. And where the Fourth Amendment is violated, any evidence procured through such violation is to be suppressed; without this "deterrent safeguard * * * the Fourth Amendment would [be] reduced to 'a form of words.'" Mapp v. Ohio, 1961, 367 U.S. 643, 648, 81 S.Ct. 1684, 1688, 6 L.Ed.2d 1081.

Defendant's Fourth Amendment rights were violated because he confessed at a time when no probable cause existed to justify his continued arrest status. Assuming, *arguendo*, that probable cause existed for defendant's arrest without a warrant on the Turner charge which was the basis of the first lineup, any such cause disappeared when Turner failed to identify defendant at that time on that charge. Thus, defendant should have been released on that charge. There was also no probable cause, from the evidence before the Court, to hold defendant on the Mallinoff charge—the basis of the second, incriminating lineup. Desire to hold a series of lineups on charges similar to one for which probable cause may once have appeared is not such continuing probable cause as will justify retention in custody when the original cause is dissipated.

There having been no legal basis for defendant's continued arrest and detention after the first lineup, he should have been released. Since he was not, effectuation of the constitutional guarantee requires that his subsequent confession be suppressed.

■■ (2) The confession is also invalid because it was made during delay in bringing defendant before a committing magistrate for the preliminary proceedings on the Turner charge required by Rule 5(a). The rule commands that an arrested individual be brought "without unnecessary delay" before a committing magistrate; a delay of the kind deemed "unnecessary" is one of "a nature to give opportunity for extraction of a confession," Mallory v. United States, 1957, 354 U.S. 449, 455, 77 S.Ct. 1356, 1359, 1 L.Ed.2d 1479.

■■ Without deciding whether it was proper, under the rule, for a lineup to be held on the Turner charge, it was decidedly improper for preliminary proceedings on that charge to be delayed for a lineup and questioning about another charge for which no probable cause was or is now manifested and for which an arrest without a warrant had been made, Trilling v. United States, 1958, 104 U.S. App.D.C. 159, 165–167, 260 F.2d 677.

For these reasons the confession must be suppressed.